In the Matter of the Claim of HELEN WEISS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, May 27, 1969.

118

*Helen Weiss,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz, Samuel Stern* and *Robert Himmelfarb* of counsel), for respondent.

HERLIHY, J. P. This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, dated December 4, 1968, which affirmed a Referee's decision that the claimant was not available for employment as of August 12, 1968.

From a record which does not permit a proper review, it appears that the investigation which resulted in claimant being declared ineligible for benefits was initiated as the result of a complaint by her former employer and it would further appear that the said employer might have been in some part responsible for the claimant's inability to obtain employment. It is further contended, and not disputed, that the claimant was advised by a claims examiner not to place an " ad " in the newspapers because of statements by her former employer.

The claimant testified as to her personal application to " Investors Funding "; that she was interviewed by a Mr. Warshaw, which was noted in the examiner's report but was not investigated, and which, if found to be true, would not sustain the board's findings.

It may be that the claimant is not entitled to benefits, but on this record there is no substantial evidence to sustain the determination of the board which found: " The two efforts she submitted at an interview on August 23 were allegedly made with people who were no longer working for the employers ".

*Matter of Cohen (Catherwood)* (25 A D 2d 708) and *Matter of Sidlowski (Catherwood)* (28 A D 2d 773) relied upon by respondent are inapplicable to the present case. In *Cohen* it was established that claimant had made only a few visits to prospective employers. In *Sidlowski* it was established that several attempts were made to confirm the alleged inquiries for employment, but those attempts were unsuccessful.

The decision should be reversed, and the matter remitted to the board for further proceedings, with costs.

REYNOLDS, AULISI, COOKE and GREENBLOTT, JJ., concur.

Decision reversed, and matter remitted to the board for further proceedings, with costs.